Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

VICTOR MANUEL MALDONADO
RAMIREZ, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff,* | |
| | **COLLECTIVE ACTION UNDER** |
| -against- | **29 U.S.C. § 216(b)** |
| | |
| PASTA DE PASTA USA LLC (D/B/A | **ECF Case** |
| PASTA DE PASTA), EDA KABEL, and | |
| TUGAY ESE, | |
| | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Victor Manuel Maldonado Ramirez ("Plaintiff Maldonado" or "Mr. Maldonado"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Pasta de Pasta USA

LLC (d/b/a Pasta de Pasta), ("Defendant Corporation"), Eda Kabel and Tugay Ese, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Maldonado is a former employee of Defendants Pasta de Pasta USA LLC

(d/b/a Pasta de Pasta), Eda Kabel, and Tugay Ese.

2.    Defendants own, operate, or control an Italian restaurant, located at 165 1st Avenue,

New York, New York 10003 under the name "Pasta de Pasta".

3.    Upon information and belief, individual Defendants Eda Kabel and Tugay Ese, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Maldonado was an employee of Defendants.

5.    Plaintiff Maldonado was employed as a dishwasher, food preparer and a porter at the restaurant located at 165 1st Avenue, New York, New York 10003.

6.    At all times relevant to this Complaint, Plaintiff Maldonado worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Maldonado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Maldonado the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants' conduct extended beyond Plaintiff Maldonado to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Maldonado now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Maldonado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Maldonado's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Maldonado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Victor Manuel Maldonado Ramirez ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Maldonado was employed by Defendants at Pasta de Pasta from approximately May 7, 2025 until on or about July 14, 2026.

17.     Plaintiff Maldonado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 165 1st Avenue, New York, New York 10003 under the name "Pasta de Pasta".

19.     Upon information and belief, Pasta de Pasta USA LLC (d/b/a Pasta de Pasta) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 165 1st Avenue, New York, New York 10003.

20.     Defendant Eda Kabel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eda Kabel is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Eda Kabel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Tugay Ese is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tugay Ese is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Tugay Ese possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

## *Defendants Constitute Joint Employers*

22.    Defendants operate an Italian restaurant located in the East Village section of Manhattan in New York City.

23.    Individual Defendants, Eda Kabel and Tugay Ese, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff Maldonado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Maldonado, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiff Maldonado (and all similarly situated employees) and are Plaintiff Maldonado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiff Maldonado and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendants Eda Kabel and Tugay Ese operate Defendant Corporation as either alter egos of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Maldonado's services.

30.     In each year from 2025 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Maldonado is a former employee of Defendants who was employed as a dishwasher, food preparer and a porter.

33.     Plaintiff Maldonado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Victor Manuel Maldonado Ramirez*

34.     Plaintiff Maldonado was employed by Defendants from approximately May 7, 2025 until on or about July 14, 2026.

35.     Defendants employed Plaintiff Maldonado as a dishwasher, food preparer and a porter.

36.     Plaintiff Maldonado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Maldonado regularly worked in excess of 40 hours per week.

39.     From approximately May 7, 2025 until on or about May 21, 2025 Plaintiff Maldonado worked from approximately 7:30 a.m. until on or about 4:00 p.m. Mondays through Sundays (typically 59.5 hours per week).

40.      From approximately May 22, 2025 until on or about July 13, 2025 Plaintiff Maldonado worked from approximately 7:30 a.m. until on or about 4:00 pm. Mondays through Fridays (typically 42.5 hours per week).

41.     From approximately July 14, 2025 until on or about July 21, 2025 Plaintiff Maldonado worked from approximately 7:30 a.m. until on or about 10:00 p.m. Mondays through Fridays (typically 70 hours per week).

42.     From approximately July 22, 2025 until on or about December 2025 Plaintiff Maldonado worked from approximately 7:30 a.m. until on or about 8:00 p.m. Tuesdays through Saturdays (typically 62.5 hours per week).

43.    From approximately January 2026 until on or about July 14, 2026 Plaintiff Maldonado worked from approximately 7:30 a.m. until on or about 7:00 p.m. Tuesdays through Saturdays (typically 57.5 hours per week).

44.    Throughout his employment, Defendants paid Plaintiff Maldonado his wages by check.

45.    From approximately May 7, 2025 until on or about July 14, 2026, Defendants paid Plaintiff Maldonado $17.00 per hour.

46.    Plaintiff Maldonado's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.    For example, Defendants required Plaintiff Maldonado to start working 20 to 30 minutes prior to his scheduled start time every day, and did not pay him for the additional time he worked.

48.    Defendants did not provide Plaintiff Maldonado an accurate statement of wages, as required by NYLL 195(3).

49.    Defendants did not give any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.    As a result of Defendants' failure to provide Plaintiff Maldonado with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

51.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado (and all similarly situated employees) to work in excess of 40 hours

a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

52.    Plaintiff Maldonado was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53.    Defendants' pay practices resulted in Plaintiff Maldonado not receiving payment for all his hours worked, and resulting in Plaintiff Maldonado's effective rate of pay falling below the required minimum wage rate.

54.    Defendants habitually required Plaintiff Maldonado to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55.    Plaintiff Maldonado was paid his wages by check.

56.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Maldonado (and similarly situated individuals) worked, and to avoid paying Plaintiff Maldonado properly for his full hours worked.

57.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Maldonado and other similarly situated former workers.

59.    Defendants failed to provide Plaintiff Maldonado and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Maldonado and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish (Plaintiff Maldonado's (and the FLSA class members') primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

61.     As a result of Defendants' failure to provide Plaintiff Maldonado and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Maldonado and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

62.     Plaintiff Maldonado brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63.     At all relevant times, Plaintiff Maldonado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

64. The claims of Plaintiff Maldonado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65. Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Maldonado's (and the FLSA class members') employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Maldonado (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69. Defendants failed to pay Plaintiff Maldonado (and the FLSA class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiff Maldonado (and the FLSA class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Maldonado (and the FLSA class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

72.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Maldonado (and the FLSA class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.     Defendants' failure to pay Plaintiff Maldonado (and the FLSA class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Maldonado (and the FLSA class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

76.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Maldonado's (and the FLSA class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Maldonado (and the FLSA class members) less than the minimum wage.

79.     Defendants' failure to pay Plaintiff Maldonado (and the FLSA class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Maldonado (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Maldonado (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Maldonado (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Maldonado (and the FLSA class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

85. Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to pay Plaintiff Maldonado (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Maldonado's (and the FLSA class members') spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

87.    Defendants' failure to pay Plaintiff Maldonado (and the FLSA class members) an additional hour's pay for each day Plaintiff Maldonado's (and the FLSA class members') spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88.    Plaintiff Maldonado (and the FLSA class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

90.    Defendants failed to provide Plaintiff Maldonado (and the FLSA class members) with a written notice, in English and in Spanish (Plaintiff Maldonado's ( and the FLSA class members') primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91.    As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Maldonado (and the FLSA class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195

92.    Defendants are liable to Plaintiff Maldonado (and the FLSA class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

OF THE NEW YORK LABOR LAW

93.      Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

94.      With each payment of wages, Defendants failed to provide Plaintiff Maldonado (and the FLSA class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.      As a result of Defendants' failure to furnish accurate statements to Plaintiff Maldonado (and the FLSA class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

96.      Defendants are liable to Plaintiff Maldonado (and the FLSA class members) in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maldonado (and the FLSA class members) respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maldonado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Maldonado and the FLSA Class members;

(f)     Awarding Plaintiff Maldonado and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Maldonado and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Maldonado;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Maldonado's (and the FLSA class members') compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order are willful as to Plaintiff Maldonado;

(m)    Awarding Plaintiff Maldonado (and the FLSA class members) damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiff Maldonado (and the FLSA class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Maldonado (and the FLSA class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Maldonado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Maldonado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

- 17 -

Plaintiff Maldonado demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
July 28, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 18 -

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

July 10, 2026

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Victor Manuel Maldonado Ramirez

Legal Representative / Abogado:   Michael Faillace & Associares, P.C.

Signature / Firma:

Date / Fecha:                   July 15, 2026

*Certified as a minority-owned business in the State of New York*